IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


THOMAS E. EVERSON,

                         Plaintiff,

             v.                              CASE NO. 06-3253-SAC

RAY ROBERTS, et al.,

                         Defendants.


O R D E R

     Plaintiff, an inmate confined in El Dorado Correctional
Facility ("EDCF") in El Dorado, Kansas, proceeds pro se on a civil
complaint filed under 42 U.S.C. § 1983.  Plaintiff has paid the
initial partial filing fee assessed by the court under 28 U.S.C. §
1915(b)(1), and is granted leave to proceed in forma pauperis.
Plaintiff remains obligated to pay the remainder of the $350.00
district court filing fee in this civil action, through payments
from his inmate trust fund account as authorized by 28 U.S.C. §
1915(b)(2).

     By an order dated September 21, 2006, the court directed
plaintiff to supplement the complaint as to the status of a case
plaintiff states he filed in Butler County District Court on August
3, 2006, concerning the same facts and issues raised in the instant
case.  The court also directed plaintiff to show cause why the
instant complaint should not be dismissed without prejudice pursuant
to Younger v. Harris, 401 U.S. 37 (1971).

     In response, plaintiff documents his filing of a petition for
writ of habeas corpus under K.S.A. 60-1501 in the Butler County

District Court on August 3, 2006.  *See* <u>Everson v. Roberts</u>, Case No. 2006-CV-373.   In that action, plaintiff alleged violations of his rights under Fourth, Eighth, and Fourteenth Amendments regarding his confinement in administrative segregation in EDCF since April 2006 as an "other security risk" based on unsubstantiated allegations that he was a sexually predatory inmate, and sought his immediate release from segregated confinement.[1]

Notwithstanding plaintiff's contention that the issues raised in his Butler County case are not the same as the issues raised in the instant federal complaint, the court finds the two action clearly encompass the same set of facts, and seek relief for the alleged denial of his  constitutional rights in being confined at EDCF in administrative segregation as an "Other Security Risk" ["OSR"] for critical monitoring based on information in a segregation report dated April 20, 2006, that plaintiff alleges is false and unsubstantiated.[2]  Nonetheless, the state court's denial of habeas relief does not foreclose plaintiff from seeking non-habeas relief in this court under 42 U.S.C. § 1983.   Accordingly, dismissal of the complaint pursuant to the abstention doctrine in <u>Younger</u> is not appropriate.

---

[1]Plaintiff states the Butler County District Court summarily dismissed his petition on August 25, 2006, and that plaintiff's motion for reconsideration was pending before that court. Petitioner further states he filed a notice of appeal on September 12, 2006. It is not clear from the limited record whether that motion or appeal are still pending before the state courts.

[2]In his state habeas action, plaintiff sought a writ of habeas corpus for his immediate release from administrative segregation, removal of the OSR classification, and expungement of all information related to that classification in his record.  In the instant complaint filed under 42 U.S.C. § 1983, plaintiff seeks the same relief and damages.

The court thus examines the complaint to determine if it or any portion thereof should be dismissed as frivolous, failing to state a claim on which relief may be granted, or as seeking monetary relief from a defendant immune from such relief.[3]  28 U.S.C. § 1915A(a) and (b).

"To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988).  Having reviewed the record, the court finds the complaint is subject to being dismissed because no cognizable claim is stated upon which relief can be granted under § 1983.

Plaintiff's allegations center on the alleged denial of procedural due process in being placed and held in administrative segregation at EDCF pursuant to a administrative segregation report prepared by staff at the Norton Correctional Facility ("NCF") immediately prior to plaintiff's transfer to EDCF.  Plaintiff contends his segregated confinement was unfounded because it was based on unverified information from a confidential informant at NCF.  He also claims he was never afforded an evidentiary hearing or meaningful opportunity to challenge the reasons for his OSR status.[4]

However, a change in an inmate's classification generally does

---

[3]Plaintiff's motion for default judgment is denied as premature because the court has not directed the clerk's office to prepare summons for service on any defendant.

[4]Plaintiff also maintains he is denied equal protection and subjected to cruel and unusual punishment by his unfounded detention in administrative segregation.  These broad and conclusory allegations state no cognizable claim of constitutional deprivation.

not implicate a protected liberty interest. *See* <u>Meachum v. Fano</u>, 427 U.S. 215, 225 (1976)(Due Process Clause does not bar inmate's transfer to another prison with more restrictive conditions of confinement). Placing an inmate in administrative segregation does not implicate the Due Process Clause of the Fourteenth Amendment unless that confinement presents "the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." <u>Sandin v. Conner</u>, 515 U.S. 472 (1995). Segregation of a prisoner as a form of punishment or as administrative management of a correctional facility is not an unexpected incident of a criminal sentence and does not "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Id. at 485.

Here, plaintiff's assignment to segregated housing is well within the range of confinement to be expected during his incarceration, and his allegations of hardships are not sufficiently atypical or significant to give rise to a liberty interest protected by the Due Process Clause.[5] Plaintiff's contention of atypical and significant hardship, based on defendants' alleged violation of directives in the Kansas regulations concerning administrative segregation, is directly contrary to the teaching of <u>Sandin</u>. *See* <u>Sandin</u>, 515 U.S. at 484 (abandoning methodology of examining mandatory language in prison regulations for purpose of establishing

---

[5]Plaintiff states his administrative segregation denies him opportunities to: (1) participate in the Sex Offender Treatment Program; (2) socialize with other prisoners; (3) participate in group religious services; (4) access legal and nonlegal materials in the prison library; (5) consult with inmate law clerks or other inmates with knowledge of the law; (6) participate in mental health programs; (7) obtain a work detail or assignment; and (8) obtain prison industry wages.

protected liberty interest).

Moreover, even if the duration and character of plaintiff's administrative segregation could be found sufficient to establish a protected liberty interest under <u>Sandin</u>, plaintiff's allegations demonstrate that he was afforded all the procedural protections required under the circumstances.

Where a prison classification decision "draws more on the experience of prison administrators, and where the State's interest implicates the safety of other inmates and prison personnel, the informal, nonadversary procedures set forth in .... <u>Hewitt v. Helms</u>, 459 U.S. 460 (1983), provide the appropriate model." <u>Wilkinson v. Austin</u>, 545 U.S. 209, 228-29 (2005).  Notably, the "informal, nonadversary evidentiary review sufficient both for the decision that an inmate represents a security threat and the decision to confine an inmate to administrative segregation pending completion of an investigation into misconduct charges against him" requires only that an inmate "receive some notice of the charges against him and an opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation." <u>Hewitt</u>, 459 at 476.  "This informal procedure permits a reasonably accurate assessment of probable cause to believe that misconduct occurred, and the value of additional formalities and safeguards would be too slight to justify holding, as a matter of constitutional principle that they must be adopted. <u>Id</u>. (*quotations omitted*).

In the present case, plaintiff acknowledges receiving notice of the reasons for his segregated confinement, and monthly reviews of his continuing administrative segregation at EDCF as an OSR in need

of critical monitoring.  Additionally, the administrative grievance documentation provided with the complaint repeatedly indicates the confidential information provided at NCF was verified by investigating correctional staff.  Although plaintiff cites Kyle v. Hanberry, 677 F.2d 1386 (11th Cir. 1982), as requiring a good faith investigation and findings regarding the credibility of a confidential informant and the reliability of the information provided by the informant, that case is easily distinguished on the facts because it involved the greater procedural protections required in a *disciplinary* action in which the sanction imposed included a significant loss of good time.  Courts also have recognized that Kyle was subsequently limited by Superintendent, MCI, Walpole v. Hill, 472 U.S. 445, 455-56 (1985), in which the Supreme Court held that the finding of a prison disciplinary body must only be supported by some evidence in the record.

For these reasons, the court directs plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").  The failure to file a timely response may result in the complaint being dismissed without further prior notice to plaintiff.

Plaintiff's motion for appointment of counsel is denied without prejudice.  A party in a civil action has no constitutional right to the assistance of counsel in the prosecution or defense of such an action.  Durre v. Dempsey, 869 F.2d 543, 647 (10th Cir. 1989).  Rather, the decision whether to appoint counsel in a civil matter

lies in the discretion of the district court. <u>Williams v. Meese</u>, 926 F.2d 994, 996 (10th Cir. 1991). The court has considered the complexity of the issues raised and plaintiff's ability to state his claims, and concludes appointment of counsel is not warranted in this matter at this time.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the remainder of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Doc. 4) and motion for default judgment (Doc. 7) are denied.

**IT IS SO ORDERED.**

DATED: This 12th day of September 2007 at Topeka, Kansas.


    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

7